*Alexander v. Unum Life Ins. Co. of Am.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-six.

PRESENT:

>       RICHARD J. SULLIVAN,
>       EUNICE C. LEE,
>       SARAH A. L. MERRIAM,
>               *Circuit Judges.*

_____

KATHERINE ALEXANDER,

>       *Plaintiff-Appellant,*

>       v.                                                            No. 25-974

UNUM LIFE INSURANCE COMPANY OF AMERICA,

>       *Defendant-Appellee.*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | MARK D. DEBOFSKY, DeBofsky Law, Ltd., Chicago, IL. |
| **For Defendant-Appellee:** | CALEB C. WOLANEK, (Byrne J. Decker, Jenny H. Wang, *on the brief*) Maynard Nexsen PC, Birmingham, AL. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ramon E. Reyes, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 24, 2025 judgment of the district court is **AFFIRMED**.

Katherine Alexander appeals the district court's judgment in favor of Unum Life Insurance Company of America ("Unum") following a bench trial on her claim for long-term disability benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Alexander sought long-term benefits based on lingering symptoms associated with COVID-19, also known as "Long COVID." On appeal, Alexander argues that the district court erred in concluding that she failed to prove she was "totally disabled" within the meaning of her employee-benefit plan during the relevant time period. We assume the parties' familiarity

2

with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I.    Background

Alexander, a woman in her mid-forties, worked as a nurse practitioner from March 13, 2017 until December 27, 2021.   As part of her employment, Alexander received short-term and long-term disability coverage under an ERISA-regulated "employee welfare benefit plan" managed by Unum.   29 U.S.C. § 1002(1).

To be eligible for long-term disability benefits under the plan, an individual must be "totally disabled" throughout a defined "elimination period."   S. J. App'x at 266, 310 (capitalization altered).[1]   And an individual is "totally disabled" if "as a result of sickness or injury, [she] [is] unable to perform with reasonable continuity the substantial and material acts necessary to pursue [her] usual occupation in the usual and customary way."   *Id.* at 294, 314.   The plan further defines "elimination period" as the "period of total disability and/or partial disability which must be satisfied before [the beneficiary] [is] eligible to receive benefits from Unum."   *Id.* at 310.   And under the plan, the beneficiary "must be *continuously* disabled through [her] elimination period."   *Id.* at 295 (emphasis

---

[1]  We cite to materials in the sealed appendix only as necessary to explain our decision.

added). It is undisputed that Alexander's elimination period ran from December 28, 2021 through April 4, 2022.

Alexander alleged that she contracted COVID-19 in or around March 2020 while on the job, appeared to recover, but then developed Long COVID symptoms that grew worse over time. According to Alexander, those symptoms included chronic fatigue and brain fog, among other functional limitations. In September 2021, Alexander also reported to her care provider, Dr. Lee Hinnant, that she had trouble standing, walking, and using a computer for more than short periods at a time, had reduced energy and focus, and was suffering from malaise. On Dr. Hinnant's recommendation, Alexander stopped working altogether on December 27, 2021.

After Alexander stopped working, she received short-term disability benefits under the plan from Unum for the next thirteen weeks – the maximum duration permitted by the plan. Near the end of that period, a Unum representative interviewed Alexander by phone in connection with her application for long-term disability benefits. During that phone call, Alexander reported suffering from "brain fog, fatigue, exercise intolerance, anxi[ety], depress[ion], difficulty concentrating, constant headaches, [and] insomnia." *Id.*

at 395. Among other materials, Unum reviewed additional statements provided by Dr. Hinnant, which further reflected Alexander's self-reported symptoms and advised that Alexander needed more time to recover before returning to work. Unum ultimately rejected Alexander's application for long-term benefits and upheld that determination following an internal appeal.

Alexander then filed this civil action under ERISA, challenging Unum's decision to withhold long-term disability benefits. The parties eventually filed cross-motions for judgment on the administrative record under Federal Rule of Civil Procedure 52(a)(1). Following a bench trial on the papers in which the district court reviewed Unum's denial decision *de novo*, the district court concluded that Alexander had failed to prove, by a preponderance of the evidence, that she was totally disabled throughout the elimination period and entered judgment in favor of Unum. Alexander timely appealed.

## II. Discussion

On appeal from an ERISA bench trial, "we review the district court's findings of fact for clear error and conclusions of law and mixed questions *de novo*." *Connors v. Conn. Gen. Life Ins. Co.*, 272 F.3d 127, 135 (2d Cir. 2001). Although the district court based its findings of fact on a paper record, those

5

findings "are accorded the same deference as factual findings that are otherwise determined." *Connors*, 272 F.3d at 135; *see* Fed. R. Civ. P. 52(a)(6) (providing that a district court's "[f]indings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous"). "The clear error standard requires that we accept a district court's factual findings unless we are left with the definite and firm conviction that a mistake has been committed." *Siemens Energy, Inc. v. Petróleos de Venezuela, S.A.*, 82 F.4th 144, 153 (2d Cir. 2023) (internal quotation marks omitted). And "[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Badar v. Swissport USA, Inc.*, 53 F.4th 739, 749 (2d Cir. 2022) (internal quotation marks omitted).

We conclude that the district court did not clearly err in holding that Alexander failed to prove that she was totally disabled throughout her elimination period.[2] Unum's vocational rehabilitation consultant found that Alexander's work was light in physical exertion with significant mental demands; Alexander does not dispute that characterization. As the district court explained, however,

---

[2] Alexander does not point to any legal error by the district court, *see* Unum Br. at 34, and, in her reply brief, she does not contest Unum's assertion that the standard of review here is clear error.

Alexander's own "psychiatric care provider agreed that [Alexander] was not prevented from working from a cognitive standpoint." J. App'x at 50. And Alexander presented only sparse evidence to support her claim of being unable to meet the light physical exertion requirements of her position throughout the elimination period: apart from her self-reported symptoms, she produced notes from her physical therapy sessions indicating physical difficulties – during which time she "continue[d] to progress," *e.g.*, S. J. App'x at 789, 793 – but no examinations, test results, or any other objective evidence indicating an inability to perform the physical requirements of her job. Because the record, at most, reveals two permissible views of the evidence, we cannot say that the district court's finding that Alexander's evidence was insufficient to establish that she was totally disabled throughout the elimination period was clearly erroneous.

Alexander's arguments to the contrary are unpersuasive. For starters, she argues that Unum's decision to grant her short-term disability benefits "alone made it error for [the district court] to conclude that [she] failed to meet her burden of proof to show she was incapable of performing the duties of her occupation during the entirety of the elimination period." Alexander Br. at 26–27. But nothing in the language of the plan suggests that Unum's decision to grant

Alexander *short-term* benefits is binding for purposes of whether she is eligible to receive *long-term* benefits as well. Like other courts confronted with arguments of this sort, we see neither a basis in the plan's language nor any reasoned basis on which to "effectively require a merger of short-and long-term benefits determinations." *Artz v. Hartford Life & Accident Ins. Co.*, 100 F.4th 921, 931 (7th Cir. 2024). Instead, the controlling question for determining long-term coverage remains whether Alexander has satisfied her burden to prove that she was totally disabled throughout the thirteen-week elimination period.

On that front, Alexander principally argues that the district court did not place sufficient weight on her self-reported symptoms and erred by faulting her for failing to present objective evidence supporting her claimed inability to work. On clear-error review, however, "we accord great deference to the district court's . . . decision as to what weight to assign particular evidence." *Freedom Holdings, Inc. v. Cuomo*, 624 F.3d 38, 54 (2d Cir. 2010). Although Alexander may be correct that symptoms associated with Long COVID – like "fatigue" and "brain fog" – are not susceptible to ready measurement, the "functional limitations due to [Alexander's] fatigue *could* be objectively measured." *Williams v. Aetna Life Ins. Co.*, 509 F.3d 317, 323 (7th Cir. 2007) (emphasis added). Alexander's "general

8

diagnoses," moreover, "do not answer the more granular question about her ability to work during the period in question." *Tranbarger v. Lincoln Life & Annuity Co. of N.Y.*, 68 F.4th 311, 315 (6th Cir. 2023). We therefore perceive no error – clear or otherwise – in the district court's decision to assign minimal weight to Alexander's self-reported symptoms and to focus, instead, on the paucity of objective record evidence supporting her claimed inability to work.

Finally, Alexander argues that "the district court entirely overlooked the key issue of" whether she was mentally capable of performing her job. Alexander Br. at 52. We disagree. The district court found that Alexander was not cognitively precluded from performing her job responsibilities because "[h]er treating physicians consistently noted that she was alert" and her "regular psychiatric care provider agreed that [she] was not prevented from working from a cognitive standpoint." J. App'x at 50. While Alexander marshals some evidence to the contrary, the district court's conclusion that Alexander failed to adequately prove a lack of cognitive fitness is "plausible in light of the record viewed in its entirety" and must therefore be upheld. *Siemens Energy, Inc.*, 82 F.4th at 153 (internal quotation marks omitted).

9

\* \* \*

We have considered Alexander's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the district court's judgment.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court